**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UMBRA, LLC**
**1705 BROADWAY STREET**                            **COMPLAINT**
**BUFFALO, NEW YORK 14212**

                 **Plaintiff,**          **JURY TRIAL DEMANDED**

    **v.**
                                       **Civil Action No. _____**

**JOBAR INTERNATIONAL, INC.**
**21022 FIGUEROA STREET**
**CARSON, CALIFORNIA 90745**

                 **Defendant.**
_____

Plaintiff Umbra, LLC ("UMBRA"), for its Complaint against Defendant Jobar International, Inc. ("JOBAR"), alleges:

<u>**NATURE OF THIS ACTION**</u>

1.      UMBRA seeks injunctive relief and damages against JOBAR for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284 and 289.

<u>**THE PARTIES**</u>

2.      UMBRA is a New York limited liability company having its principal place of business at the address set forth in the caption above.

3.      UMBRA is a worldwide leader in the design and manufacture of original, casual, contemporary, affordable product designs for every room in the home.  Founded in 1979, the company's products are available on-line and at over 25,000 retailers in more than 75 countries.

4.      Upon information and belief, JOBAR is a California corporation having its principal place of business at the address set forth in the caption above.

5.      Upon information and belief, JOBAR has manufactured and/or imported for sale in the United States a hanging dress shaped storage device of the kind described in this Complaint.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction pursuant to Title 28, United States Code §§ 1331 and 1338(a).

7.      The Court has personal jurisdiction over JOBAR because of JOBAR's contacts with this forum including, at least, regularly and intentionally doing, transacting and soliciting business; contracting to supply goods; advertising and marketing infringing goods; deriving substantial revenues from the sale of goods; knowing or expecting its actions to have consequences in this jurisdiction; and deriving substantial revenue from interstate and/or international commerce through online sales to customers and otherwise.

8.      Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## UMBRA AND ITS PATENT

9.      Over a period of 30 years, UMBRA has developed and maintained, at considerable expense, in the United States and worldwide, valuable patents and trade dress, a valuable trade name, a reputation for excellence, and valued relationships with retailers and customers.

10.      To develop and maintain these assets and associated good will, and to protect its innovative designs, UMBRA has invested substantial amounts of money, time and other resources.

11.      In particular, on or about October 20, 2011, UMBRA filed a design patent application in the United States Patent and Trademark Office claiming the ornamental design for a dress-shaped organizer.  The patent issued as United States Design Patent No. D657,172 (the '172 Patent) on April 10, 2012.

12.      A true and correct copy of the '172 Patent is annexed as Exhibit 1.

13.     UMBRA owns the '172 Patent and, as such, has the right to sue and recover for past, present and future infringement of the '172 Patent and to obtain the relief claimed in this Complaint.

### FACTS COMMON TO ALL CLAIMS

14.     UMBRA has advertised, offered for sale and sold throughout the United States and elsewhere a dress-shaped organizer commonly known as and marketed as "LITTLE BLACK DRESS"$^{TM}$ covered by the '172 Patent.

15.     Upon information and belief, without UMBRA's authorization, JOBAR makes, advertises, offers for sale, distributes and sells a knock-off copy of UMBRA's LITTLE BLACK DRESS$^{TM}$ dress-shaped organizer (the "Infringing Product") throughout the United States.

16.     The Infringing Product is marketed and sold under the brand U.S. Patrol as the "Hanging Dress Safe".

17.     Upon information and belief, the brand U.S. Patrol is exclusively marketed by JOBAR.

18.     The Infringing Product is prominently advertised as including a plurality of transparent pockets and having a distinctive dress shape.  In particular, the advertising copy includes the following, "Shhh....Looks like a Regular Dress..".

19.     A true and correct image of the Infringing Product's packaging is included below.



20.    On or about August 17, 2012, UMBRA wrote to JOBAR ("Umbra August 2012 Letter"), advising that UMBRA owned the '172 Patent, and requesting that JOBAR cease and desist using the ornamental design embodied in the Infringing Product.

21.    A true and correct copy of the Umbra August 2012 Letter is annexed as Exhibit 2.

22.    JOBAR responded to the Umbra August 2012 Letter on August 20, 2012 ("Jobar August 2012 Letter") acknowledging the '172 Patent, denying infringement and refusing to change course.

23.    A true and correct copy of the Jobar August 2012 Letter is annexed as Exhibit 3.

24.    On or about August 31, 2012, UMBRA wrote to Defendant ("Umbra August 2012 Response Letter") challenging the positions taken in the Jobar August 2012 Letter.

25.    A true and correct copy of the Umbra August 2012 Response Letter is annexed as Exhibit 4.

26.     JOBAR responded to the Umbra August 2012 Response Letter on September 17, 2012 ("Jobar September 2012 Letter") indicating that it would not change its position after consideration of the information contained in the Umbra August 2012 Response Letter.

27.     A true and correct copy of the Jobar September 2012 Letter is annexed as Exhibit 5.

28.     Upon information and belief, JOBAR knowingly sold and continues to sell the Infringing Product as a simulation of UMBRA's ornamental design embodied in the '172 Patent.

**FIRST CAUSE OF ACTION**

**PATENT INFRINGEMENT UNDER 35 U.S.C. § 271**

29.     UMBRA re-alleges Paragraphs 1-28 as if fully set forth herein.

30.     Upon information and belief, JOBAR has infringed and continues to infringe the '172 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, promoting and importing the Infringing Product, in this District and elsewhere in the United States without UMBRA's authorization.

31.     Upon information and belief, JOBAR has also contributed to the infringement of the '172 Patent, and/or actively induced others to infringe the '172 Patent, in this District and elsewhere in the United States.

32.     JOBAR is engaged in activity directed toward the infringement, and/or inducing the infringement and/or contributing to the infringement of the '172 Patent because the Infringing Product is substantially the same in the eye of an ordinary observer, giving such attention as a purchaser usually gives, as the visual appearance as a whole of the dress-shaped organizer design in the '172 Patent, and the Infringing Product copies particular design features shown in the '172 Patent that depart conspicuously from the prior art, and therefore the

Infringing Product is naturally more likely to be regarded as deceptively similar to the claimed design and thus infringing.

33.    The portions of the design shown in the '172 Patent which depart conspicuously from the prior art include but are not limited to: a hanging organizer comprising a plurality of transparent pockets and having a distinctive dress shape.

34.    JOBAR has copied the portions of the design shown in the '172 Patent which depart conspicuously from the prior art thereby making the Infringing Product deceptively similar to the design claimed in the '172 Patent.

35.    The chart below demonstrates JOBAR's infringement by comparing the Infringing Product to the figures from the '172 Patent.

| | The '172 Patent | The Infringing Product |
|---|---|---|
| Figure 1 | <br>Fig. 1 |  |

| | | |
|---|---|---|
| Figure 2 | <br>Fig. 2 |  |
| Figure 3 |  |  |
| Figure 4 |  |  |



36.    The overall ornamental design depicted in the '172 Patent is substantially different than the designs found in the prior art, and therefore any small differences between the Infringing Product and the design depicted in the '172 Patent are considered unimportant to the eye of the ordinary observer.

37.    JOBAR has had actual knowledge of the '172 Patent since at least as early as August 17, 2012.

38.    Upon information and belief, JOBAR's infringement of the '172 Patent has been willful and deliberate entitling UMBRA to increased damages under 35 U.S.C. § 284, to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 and to JOBAR's total profits from the sale of the Infringing Product under 35 U.S.C. § 289.

39.    UMBRA is entitled to recover from JOBAR the damages sustained by UMBRA resulting from JOBAR's wrongful acts in an amount subject to proof at trial.

40.    JOBAR's infringement of UMBRA's exclusive rights under the '172 Patent will continue to damage UMBRA's business, causing irreparable harm for which there is no adequate remedy at law unless it is enjoined by this Court.

## REQUEST FOR RELIEF

**WHEREFORE**, UMBRA respectfully requests that this Court enter a judgment and appropriate orders in favor of UMBRA and against JOBAR, its officers, agents, employees, and attorneys, and on all persons, partnerships, or corporations in active concert or participation with JOBAR, or any other person, partnership, or corporation acting on behalf of JOBAR, for the following relief:

A.    A declaration that the '172 Patent is not invalid.

B.    A judgment that JOBAR has infringed, continues to infringe, contributed to infringement of and/or actively induced others to infringe the '172 Patent.

C.    A judgment that JOBAR's acts indicate willful infringement and a refusal to change its course of action despite its knowledge of the '172 Patent.

D.      A permanent injunction pursuant to 35 U.S.C. § 283, enjoining and restraining further acts of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect to the claim of the '172 Patent.

E.      A judgment requiring JOBAR to account for and pay over to Umbra all gains, profits, and advances derived by them from the activities complained of.

F.      A judgment requiring JOBAR to pay to UMBRA an amount equal to all actual damages suffered by UMBRA from the activities complained of.

G.      For infringement of the '172 Patent, a judgment requiring JOBAR to pay to UMBRA an amount equal to its total profits pursuant to 35 U.S.C. § 289.

H.      For willful and wanton conduct, a judgment requiring JOBAR to pay to UMBRA an amount such that total damages awarded are equal to three (3) times the award of actual damages and profits otherwise awarded for the activities complained of pursuant to 15 U.S.C. § 1117 and 35 U.S.C. § 284.

I.      An award of costs of this action, including discovery costs, and reasonable attorney fees and interest on the final judgment according to 28 U.S.C. § 1961(a) and 35 U.S.C. § 285.

J.      Such other and further relief this Court deems just and proper under the circumstances.

Dated:    Buffalo, New York
          October 12, 2012

                              By:     s/Randolph C. Oppenheimer
                                    DAMON MOREY LLP
                                    Randolph C. Oppenheimer, Esq.
                                    *Lead Counsel for Plaintiff*
                                    Avant Building, Suite 1200
                                    200 Delaware Avenue
                                    Buffalo, New York 14202-2150
                                    Phone: (716) 856-5500
                                    Fax: (716) 856-5510
                                    E-Mail:  roppenheimer@damonmorey.com

and

By:      s/Robert C. Atkinson
SIMPSON & SIMPSON, PLLC
Robert C. Atkinson, Esq.
*Co-Counsel for Plaintiff*
5555 Main Street
Williamsville, New York 14221
Phone: (716) 626-1564
Fax: (716) 626-0366
E-Mail:  ratkinson@idealawyers.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2012, I filed the foregoing Complaint with Exhibits 1 through 5with the Clerk of the United States District Court for the Western District of New York using the CM/ECF system and that no other counsel have appeared in this action.


                                     s/Randolph C. Oppenheimer

                                     Randolph C. Oppenheimer, Esq.

Doc #1744076.1